# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON


SAYLOR WHITE,                          :

      Plaintiff,                    :          Case No.  3:10cv00021

 vs.                                   :          District Judge Walter Herbert Rice
                                              Magistrate Judge Sharon L. Ovington

CHASE BANK USA, NA, et al.,             :

      Defendants.                   :

---

## REPORT AND RECOMMENDATIONS[1]

---

## I.    Introduction

      This case arose from a disputed credit card debt.  Plaintiff Saylor White originally filed a pro se Complaint in the Dayton, Ohio Municipal Court naming one Defendant: "Washington Mutual." (Doc. #1 at 10).  The Complaint did not specifically describe Plaintiff's credit account with Washington Mutual (*e.g.*, Doc. #17 at 149) but did claim that Washington Mutual breached the parties' contract, disregarded the contractually required dispute resolution process, continually harassed him, and violated the Fair Credit Reporting Act and the Ohio Consumer Sales Practices Act. *Id*. at 10-12.  Plaintiff later filed a first Amended Complaint identifying two additional Defendants:  JP Morgan Chase Bank[2] and the Federal Deposit Insurance Corporation (FDIC).

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2]  It appears that Plaintiff improperly identified JP Morgan Chase as the Defendant when the correct name of this Defendant is Chase Bank USA, NA.  *See* Doc. #5 at 38.

Soon after receiving service of summons, Defendant Chase Bank USA, NA (Defendant Chase) removed the case to this Court asserting subject matter jurisdiction based in part on the presence of a federal question in Plaintiff's Amended Complaint. Plaintiff did not challenge the removal. He instead filed a copy of the first Amended Complaint he had previously filed in the Dayton Municipal Court. (Doc. #3).

The case is presently before the Court upon Defendant Chase's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim and an Affidavit in Support (Doc. #s 5, 6), Defendant FDIC's Motion to Dismiss (Doc. #8), Plaintiff's Response in Opposition and attached documents (Doc. #17), Defendants' respective Replies (Doc. #s 18, 19), and the record as a whole.

## II.     Background

### A.     Plaintiff's Amended Complaint

Plaintiff explains that he added the FDIC as a Defendant after learning that in September 1998 the FDIC became the Receiver of Washington Mutual due to Washington Mutual's status as a "failing institution." (Doc. #3 at 33-34). Plaintiff further explains that he added J.P Morgan Chase Bank as a Defendant after learning it had acquired Washington Mutual. (Doc. #3 at 33).

Plaintiff alleges that Washington Mutual falsely reported to several credit reporting agencies that he owed a debt to Washington Mutual. Plaintiff states, "Defendant [Washington Mutual] knowing that this debt is not owed to them ... has still Intentionally, Willfully, Maliciously & Unconsciously damage[d] the Plaintiff's credit...." (Doc. #3 at 34). Plaintiff asserts that Washington Mutual commissioned Collection Agencies ("I.C. Systems and BCR, Inc. as well as Washington Mutual itself") to collect a debt from Plaintiff that he does not owe. *Id*. Plaintiff maintains, "Without Washington Mutual's false reporting of this debt, ... which is not owed to Defendant, which also violates the Fair Credit Reporting Act..., as well as the Ohio Consumer Sales Practices Act..., Plaintiff

would not have suffered ... lost opportunities, damages & harassment." *Id*.

Plaintiff's Amended Complaint contains three Counts titled: "Breach of Contract," "Disputes & False Charges," and "Fair Credit Reporting Act & Washington Mutual's Lack of doing so." (Doc. #3 at 34-35).

Plaintiff seeks to recover $15,000.00 in damages plus interest, costs, and any other applicable fees. He also seeks relief from the harassment he has allegedly received from "Defendant, Collection Agencies, and Otherwise." (Doc. #3 at 36).

**B.      Defendant Chase's and the FDIC's Respective Motions to Dismiss**

Defendant Chase seeks dismissal of this case under Fed. R. Civ. P. 12(b)(1) due to lack of subject matter jurisdiction because "Plaintiff has failed to file suit in a venue designated for claims such as this one in connection with the FDIC's receivership of Washington Mutual Bank." (Doc. #5 at 40). Defendant Chase also seeks dismissal under Fed. R. Civ. P. 12(b)(6) "because Chase cannot be held responsible for Plaintiff's claims." (Doc. #5 at 40).

The FDIC similarly seeks dismissal for lack of subject matter jurisdiction, "because the Financial Institutions Reform, Recovery and Enforcement Act of 1989 specifies that only the United States District Court for Western District of Washington or the United States District Court for the District of Columbia have jurisdiction to review disallowance of Plaintiff's claims against Washington Mutual Bank by the FDIC-Receiver of that failed financial institution." (Doc. #8 at 64).

Both Defendant Chase and the FDIC explain that in September 2008 the U.S. Department of Treasury's Office of Thrift Supervision closed Washington Mutual Bank and appointed the FDIC as Washington Mutual Bank's Receiver. The FDIC transferred many of Washington Mutual's assets to Defendant Chase. (Doc. #5 at 41; *see* Doc. #6, Exhibit C). Judicial Notice of these facts – which are contained in the Purchase and Assumption Agreement between the FDIC and Chase Bank – is warranted because their

accuracy is readily determinable by resort to public information available on the FDIC's website, a source whose accuracy is not reasonably questioned. Fed. R. Evid. 201(b); *See* http://www/fdic.gov (search for: purchase assumption agreement Washington Mutual); *see also* Doc. #6, Exhibit C. Plaintiff, moreover, states in his Memorandum, "There is no argument from Plaintiff that Wa Mu [Washington Mutual's] receivership took place and that the FDIC took over Wa Mu..., and there is also no argument that Plaintiff submitted a claim to the FDIC, mainly as a formality (for the fact is, that this case has little to do with the FDIC ... and everything to do with Chase Bank and its practices and violation of these fairness acts and the ruining of Plaintiff's credit and opportunities for credit, for a false debt, not owed to Chase now or ever...." (Doc. #17 at 117).

> A copy of an April 24, 20009 FDIC Notice, addressed to Plaintiff, states in part:

> On September 25, 2008, the Office of Thrift Supervision closed
> Washington Mutual Bank (WMB) and the FDIC became its Receiver.
> Although JP Morgan Chase Bank, NA acquired certain WMB assets in a
> Purchase and Assumption Agreement, claims for monetary damages that are
> based on the acts or omissions of WMB before the FDIC was appointed as
> its Receiver must be asserted against the FDIC as Receiver. As the attached
> Notice explains, such claims must be asserted by filing a claim with the
> Receiver....

> **The Notice describes the receivership claims procedures. It also
> identifies the only two courts in which you could sue the Receiver after
> you have exhausted the claims procedures. Other courts would not
> have jurisdiction over claims against the Receiver**....

(Doc. #6, Exhibit A)(emphasis in original). Plaintiff alleges that he never received any notices from the FDIC except for the original proof of claim paperwork.[3] (Doc. #17 at 117).

---

[3] The record contains a copy of a document addressed to Plaintiff. (Doc. #6 at 50-51). The document is titled, "Notice from FDIC as Receiver of Washington Mutual Improper Service of Litigation." (Doc. #6 at 50). This document appears to be at least some of the "original proof of claim paperwork" Plaintiff acknowledges receiving.

Plaintiff submitted a claim to the FDIC concerning Washington Mutual and the matters addressed the Complaint Plaintiff filed in the Dayton Municipal Court.  *See* Doc. #6, Exhibit B.  An FDIC Notice of Disallowance of Claim, dated August 7, 2009, states, "The claims presented are not proven to the satisfaction of the Receiver pursuant to 12 U.S.C. §1821(d)(5)(D)."  *Id*.  The FDIC's Notice also states:

> Pursuant to 12 U.S.C. Section 1821(d)(6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim..., in the United States District (or Territorial) Court for the District within which the failed institution's principal place of business was located or the United States District Court for the District of Columbia within 60 days from the date of this notice.
>
> **IF YOU DO NOT FILE A LAWSUIT ... BEFORE THE END OF THE 60-DAY PERIOD, THE DISALLOWANCE WILL BE FINAL, YOUR CLAIM WILL BE FOREVER BARRED AND YOU WILL HAVE NO FURTHER RIGHTS OR REMEDIES WITH RESPECT TO YOUR CLAIM.  12 U.S.C. §1821(d)(6)(B).**

(Doc. #6, Exhibit. B)(capitalization and emphasis in original).

Defendant Chase argues that this Court lacks subject matter jurisdiction in this case under 12 U.S.C. §1821(d)(6)(A)(ii) as a consequence of the FDIC's Receivership. Defendant Chase contends that pursuant to the Purchase and Assumption Agreement, it did not assume liability to Washington Mutual Bank's borrowers, such as Plaintiff.

The FDIC contends that Court lacks subject matter jurisdiction under 12 U.S.C. §1821(d)(6)(A) and related Sixth Circuit caselaw.

### III.    Discussion

#### A.    The FDIC's Motion to Dismiss

##### 1.
##### Rule 12(b)(1)

When challenged by a Rule 12(b)(1) Motion to Dismiss, the plaintiff bears the

burden of proving the existence of subject matter jurisdiction.  *Nichols v. Muskingham*, 318 F.3d 674, 677 (6ᵗʰ Cir. 2003); *see Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6ᵗʰ Cir. 1996).

"Rule 12(b)(1) motions to dismiss generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg Products, Inc. v. Steel Peel Litigation Trust*, 491 F.3d 320, 330 (6ᵗʰ Cir. 2007) (citation omitted).  A facial attack challenges the sufficiency of the Complaint's assertion of subject matter jurisdiction.  *Id*.  When countering a facial attack, Plaintiff's burden to prove subject matter jurisdiction is "not onerous."  *Musson*, 89 F.3d at 1248. The allegations in the Complaint are taken as true, *id*., and "[i]f those allegations establish federal claims, jurisdiction exists."  *Gentek*, 491 F.3d at 330.

"Where, on the other hand, there is a factual attack on the subject-matter jurisdiction alleged in the complaint, no presumptive truthfulness applies to the allegations.  When a factual attack ... raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.  In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts."  *Gentek*, 491 F.3d at 330 (citations omitted).

## 2.
## The FDIC's Motion is Well Taken

When appointed the Receiver of a failing bank, the FDIC holds the statutory authority to succeed to "all rights, titles, powers and privileges of the bank," and it may "take over the assets of and operate" the bank.  12 U.S.C. §§ 1821(d)(2)(A)(i), 1821(d)(2)(B)(i).  The powers and duties of the FDIC as Receiver include the resolution of all outstanding claims against the failing bank.  *Id*.

Congress, through the Financial Institution Reform, Recovery and Enforcement Act of 1989 (FIRREA), created a mandatory administrative claims procedure for the review of "any claim against a depository institution for which the [FDIC] is receiver."

12 U.S.C. §1821(d)(6)(A)(i); *see Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 386-87 (6th Cir. 2008). Under this procedure, the FDIC first notifies claimants (both by mail to known creditors and by publication) that they must file any claim they have against the failed institution with the FDIC by a bar date. 12 U.S.C. §§1821(d)(3)(B) and (C). A claim not timely filed will be disallowed, and such disallowance is final. 12 U.S.C. §1821(d)(5)(C)(i).

In response to a timely-submitted claim against a failing institution, the FDIC-Receiver determines whether to allow or disallow it, notifies the claimant of its determination within 180 days. 12 U.S.C. § 1821(d)(5)(A)(i).

A dissatisfied claimant then has 60 days (from the date the FDIC mailed its determination notice) to seek agency review or file suit on his or her claim. A dissatisfied claimant choosing the latter must file either "in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or [in] the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim)." 12 U.S.C. § 1821(d)(6)(A)(ii). If a claimant fails to seek judicial review within the 60-day period, the claim "shall be deemed disallowed..., such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 U.S.C. § 1821(d)(6)(B).

Section 1821(d)(13)(D)(i) precludes any federal court from acquiring jurisdiction over any claims except as otherwise provided in 12 U.S.C. §1821(d). Specifically, § 1821(d)(13)(D)(i) states, in pertinent part, "except as otherwise provided in this subsection, no court shall have jurisdiction over ... any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver...." Reading this mandate together, or *in pari materia*, with § 1821(d)(6)(A)(ii), courts – other than the U.S. District Courts in the two forums identified in §1821(d)(6)(A)(ii) – are barred from

acquiring jurisdiction over claims against the FDIC-Receiver. *See Lloyd v. FDIC*, 22 F.3d 335, 338 (1st Cir. 1994) (§1821(d)(6)(A) constitutes a jurisdictional bar to claims filed outside of the two courts specified in §1821(d)(A)); *see, e.g., Friederichs v. Gorz*, 624 F. Supp.2d 1058, 1061-62 (D. Minn. 2009) (dismissing claims brought against FDIC-Receiver due to the plaintiffs' failure to bring their action in the correct forum); *Augienello v. FDIC*, 310 F. Supp.2d 582, 589-90 (S.D.N.Y. 2004) (jurisdiction exists under §1821(d)(6)(A)(ii) only in the District Court where the failed bank's principal place of business is located or in the U.S. District Court for the District of Columbia).

In the present case, the jurisdictional issue concerning Plaintiff's claims against the FDIC ends without much further discussion. Only the U.S. District Court for the District of Columbia or the U.S. District Court located in the Western District of Washington (Washington Mutual's principal place of business) can exercise subject matter jurisdiction over Plaintiff's challenges to the FDIC's disallowance of his claims against Washington Mutual. *See* 12 U.S.C. §1821(d)(6)(A)(ii) and §1821(d)(13(i). Since this Court is not located in either forum listed in §1821(d)(6)(A)(ii), this Court lacks subject matter jurisdiction over Plaintiff's claims against the FDIC as Receiver of Washington Mutual. *See Lloyd*, 22 F.3d at 338.

The FDIC seeks dismissal of Plaintiff's claims with prejudice because the FDIC sent multiple notices to him concerning when, how, and where to file a lawsuit. The FDIC explains, "all of these letters informed the Plaintiff that if his claim was disallowed, he had 60 days to file a lawsuit in either of two courts – the United States District Court for the District of Washington or the United States District Court for the District of Columbia." (Doc. #8 at 73). The FDIC concludes not only that this Court lacks subject matter jurisdiction but also that Plaintiff's claims against the FDIC are forever barred by his failure to timely file in one of those U.S. District Courts.

Plaintiff contends that he did not receive the FDIC's Notice of Disallowance or its other Notices with the exception of "the original proof of claim paperwork." (Doc. #17 at

117).  The FDIC submits evidence to the contrary including, for example, the affidavit of Peter Barter, the FDIC's Resolutions and Receivership Specialist/Claims-Agent.  (Doc. #8 at 79).  Barter states that he is responsible for overseeing the processing and resolution of claims received by the FDIC as Receiver for Washington Mutual Bank.  He describes the FDIC Notices sent to Plaintiff concerning his claim against Washington Mutual Bank.  *Id*. at 79-80.  Although a factual dispute exists regarding whether Plaintiff received the Notices as described by Barter, resolution of that dispute is unwarranted in this Court when it lacks subject matter jurisdiction over Plaintiff's claims against the FDIC-Receiver.  In addition, resolution of the parties' disputed Notice issues will bear directly on whether Plaintiff may still raise his claims against the FDIC-Receiver in one of the forums permitted by §1821(d)(6)(A)(ii).  This Court should not prematurely decide those issues or otherwise venture into matters within the authority of the District Court in those forums to resolve.

Accordingly, the FDIC's Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction is well taken, although a dismissal without prejudice to refiling in a forum permitted under 12 U.S.C. §1821(d)(6)(A)(ii) is warranted.

## B.      Defendant Chase's Motion to Dismiss

Defendant Chase contends that as a consequence of the FDIC's Receivership and 12 U.S.C. § 1821(d)(6)(A)(ii), this Court lacks subject matter jurisdiction over the claims in Plaintiff's Amended Complaint.  This is correct for two reasons.

First, under FIRREA, Plaintiff's claim that he did not owe a debt to Washington Mutual Bank and, in turn, does not owe a debt to Defendant Chase, must be brought in the proper forum against the FDIC as Washington Mutual Bank's Receiver.  *See* 12 U.S.C. §§ 1821(d)(3)-(8).  As explained above, Plaintiff submitted this claim to the FDIC without success.  *See* Doc. #6, Exhibit B.  Although Defendant Chase now owns that debt, FIRREA limits Plaintiff's ability to raise a judicial challenge to the FDIC

disallowance decision in the U.S. District Court in the District of Columbia or in the Western District of Washington. *See* 12 U.S.C. §1821(d)(A)(ii). FIRREA, therefore, effectively closes the door of this Court to Plaintiff's claims against Defendant Chase concerning its attempts to collect the debt he originally owed Washington Mutual Bank.

Second, the Asset Purchase and Assumption Agreement between the FDIC and Defendant Chase reveals that Defendant Chase did not assume any liability to Washington Mutual Bank's borrowers, such as Plaintiff. Section 2.5 of the Asset Purchase and Assumption Agreement provides:

> **Borrower Claims**. Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

http://www/fdic.gov (search for: purchase assumption agreement Washington Mutual) (emphasis in original). Plaintiff's claims against Defendant Chase constitute Borrower Claims – which Defendant Chase did not assume – because Plaintiff seeks to obtain monetary relief against Defendant Chase for the debt he originally disputed with Washington Mutual Bank. Consequently, Defendant Chase did not contractually assume Washington Mutual Bank's potential liability to Plaintiff for matters relating to the validity or invalidity of the debt.

Plaintiff contends that Defendant Chase violated the Fair Debt Collection Practices Act by harassing him "till no end" with phone calls from October 2008 to at least February 2009 and by hiring agencies to take over its illegal debt collection activities.

Such allegations, when accepted as true, appear at first glance to disengage Defendant Chase from matters relating to the FDIC's Receivership of Washington Mutual because the allegations focus on Defendant Chase's post-Receivership debt-collector misconduct. Yet, accepting Plaintiff's allegations as true does not assist him in exposing Defendant Chase to liability under the Fair Debt Collections Practices Act.

"The purpose of the Fair Debt Collection Practices Act ('FDCPA') is 'to eliminate abusive debt collection practices by debt collectors.'" 15 U.S.C. § 1692(e). The term 'debt collector' has a particular meaning, however: it refers only to persons attempting to collect debts due 'another.' *See id.* § 1692(a)(6)....; *see also Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 794 (W.D. Ky. 2003) (considering it 'well-settled' that 'a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts')." *MacDermid v. Discover Financial Services*, 488 F.3d 721, 734-35 (6ᵗʰ Cir. 2007).

Plaintiff's allegations against Defendant Chase fail as a matter of law to show a violation of the FDCPA because his allegations establish that Defendant Chase is not a "debt collector" within the limited definition of the FDCPA. Instead, Defendant Chase is the very entity to whom Plaintiff's debt is now purportedly due. *MacDermid*, 488 F.3d at 735. This is so even as to Plaintiff's allegations that Defendant Chase hired agencies to collect the debt. Such allegations do not transform Defendant Chase into a "debt collector" within the meaning of the FDCPA. *Id.; see Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6ᵗʰ Cir. 2003) ("As a matter of law, liability under [FDCPA] can only attach to those who meet the statutory definition of 'debt collector.'").

Accordingly, Defendant Chase's Motion to Dismiss is well taken.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Federal Deposit Insurance Corporation's Motion to Dismiss (Doc. #8) be GRANTED, and this case be dismissed for lack of subject

matter jurisdiction.  Dismissal should be without prejudice to Plaintiff's ability to refile in a forum permitted by 12 U.S.C. §1821(d)(6)(A)(ii).

2.      Defendant Chase Bank USA, NA's Motion to Dismiss (Doc. #5) be GRANTED; and

3.      The case be terminated on the docket of this Court.



May 5, 2010                                          s/ Sharon L. Ovington
                                                          Sharon L. Ovington
                                               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).