IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAYLOR WHITE,                        :

    Plaintiff,                    :
                              Case No. 3:10CV021
        vs.                       :
                              JUDGE WALTER HERBERT RICE
CHASE BANK USA, NA, *et al*.         :

    Defendants.                   :

---

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS OF
DEFENDANT CHASE BANK USA, NA (DOC. #5), AND MOTION TO
DISMISS OF DEFENDANT FEDERAL DEPOSIT INSURANCE
CORPORATION (DOC. #8), ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS (DOC. #21) AND OVERRULING
PLAINTIFF'S OBJECTIONS THERETO (DOC. #23); TERMINATION
ENTRY

---

This case arose from a disputed credit card debt between *pro se* Plaintiff

Saylor White and Washington Mutual Bank ("Washington Mutual").  When

Washington Mutual failed, in September 2008, the United States Treasury

Department's Office of Thrift Supervision appointed the Federal Deposit Insurance

Corporation ("FDIC") as its Receiver.  The FDIC subsequently transferred many of

Washington Mutual's assets to Chase Bank USA, N.A. ("Chase Bank"), but

retained liability for borrower claims.[1]

---

    [1]The Court takes judicial notice of the accuracy of the "Purchase and
Assumption Agreement", which was entered into between the FDIC, as Receiver of
Washington Mutual and Chase Bank. See http://www.fdic.gov/ (search for:

White brings suit against Defendants Chase Bank and the FDIC.[2]  In his Amended Complaint, he asserts three claims against the Defendants, to wit: (1) breach of contract; (2) "Disputes & False Charges" (pertaining to the alleged mishandling of the dispute process with regard to the Plaintiff's account and the alleged harassment by collection agencies); and (3) violation of the Fair Credit Reporting Act (as a result of the alleged false reporting to credit reporting agencies and the alleged harassment by collection agencies). Doc. #3.  The Plaintiff seeks damages in the amount of $15,000, plus costs, fees and prejudgment interest from and after July 1, 2008. Id.

White originally filed his Complaint in the Dayton, Ohio Municipal Court. Doc. #1-2.  Soon after receiving service of summons, Chase Bank removed the case to this Court, asserting subject matter jurisdiction based, in part, on the presence of a federal question. Doc. #1.

The case is presently before the Court upon Motions to Dismiss filed by Chase Bank (Doc. #5) and the FDIC (Doc. #8).  Both Defendants assert that this Court lacks subject matter jurisdiction and, thus, the Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1), and also that the

_____

purchase assumption agreement Washington Mutual); see also Fed. R. Evid. 201(b) (regarding judicial notice).

[2]The Amended Complaint also lists "Washington Mutual" as a Defendant. Doc. #3.  However, given that Washington Mutual has failed as a financial institution and has been succeeded by the FDIC and then Chase Bank, as previously noted, the Court will proceed (as do the parties) as if the litigation is between White and Defendants Chase Bank and the FDIC.

Amended Complaint fails to state a claim and, thus, should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Magistrate Judge Ovington has filed a Report and Recommendations wherein she recommends that this Court sustain both Motions, dismiss the case without prejudice to the Plaintiff's ability to refile in a forum permitted by 12 U.S.C. § 1821(d)(6)(A), and terminate this litigation. Doc. #21. The Plaintiff has filed Objections to the Magistrate Judge's Report and Recommendations. Doc. #23.

The Court will begin its analysis by reviewing the legal standards that guide its decisions hereunder. It will then rule upon the two Motions that are presently before it, beginning with the FDIC's Motion and concluding with that of Chase Bank.

I.      Legal Standards

    A.      Review of Magistrate Judge's Report and Recommendations

The Defendants' Motions to Dismiss are dispositive motions. Therefore, pursuant to 28 U.S.C. § 636(b)(1), this Court must conduct a *de novo* review of the Magistrate Judge's Report and Recommendations. United States v. Curtis, 237 F.3d 598, 603 (6th Cir. 2001) (noting that district courts must conduct a *de novo* review of dispositive motions, while the clearly erroneous standard of review is applicable to non-dispositive motions).

3

B.    Motion to Dismiss for Lack of Subject Matter Jurisdiction, under
      Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a

complaint over which the Court lacks subject matter jurisdiction.  "Where subject

matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of

proving jurisdiction in order to survive the motion." Mich. S. R.R. Co. v. Branch &

St. Joseph Counties Rail Users Ass'n, Inc., 287 F.3d 568, 573 (6th Cir. 2002).

Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally

come in two varieties.  "A facial attack on the subject matter jurisdiction alleged by

the complaint merely questions the sufficiency of the pleading.  In reviewing such a

facial attack, a trial court takes the allegations in the complaint as true, which is a

similar safeguard employed under 12(b)(6) motions to dismiss." McGuire v.

Ameritech Servs., 253 F. Supp. 2d 988, 993-94 (S.D. Ohio 2003) (quoting Ohio

Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)); Fed. R.

Civ. P. 12(b)(1).  In contrast, a factual challenge "is not a challenge to the

sufficiency of the pleading's allegations, but a challenge to the factual existence of

subject matter jurisdiction.  On such a motion, no presumptive truthfulness applies

to the factual allegations and the court is free to weigh the evidence and satisfy

itself as to the existence of its power to hear the case." United States v. Ritchie,

15 F.3d 592, 598 (6th Cir. 1994) (citations omitted).

4

C.    Motion to Dismiss for Failure to State a Claim, under Federal Rule of Civil Procedure 12(b)(6)

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424.  In Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212.  Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13.  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the

5

Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the–defendant–unlawfully– harmed–me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  550 U.S., at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).
>
> Two working principles underlie our decision in Twombly.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal

6

conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper–technical, code–pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Id., at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context–specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d, at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.

In sum, on the plausibility issue, the factual allegations in the complaint need to be sufficient "to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." Fritz v. Charter Twp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949-50).  Further, "a legal conclusion [may not be] couched as a factual allegation" and mere "recitations of the elements of a cause of action" are insufficient to withstand a motion to dismiss. Id. (quoting Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir. 2009)).


III.    Analysis of FDIC's Motion to Dismiss (Doc. #8)

The Court begins with an analysis of the FDIC's Motion to Dismiss, wherein it argues that this Court lacks subject matter jurisdiction, because the Financial

Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. §§ 1821 *et seq.* ("FIRREA"), specifies that only the United States District Court for the Western District of Washington or the United States District Court for the District of Columbia have jurisdiction to review the disallowance of the Plaintiff's claims against Washington Mutual Bank by the FDIC, as Receiver of that failed financial institution. Doc. #8.  The Magistrate Judge recommends that the Court sustain the FDIC's Motion, based upon its stated argument. Doc. #21.

Initially, the Court notes that the Plaintiff limits his allegations pertaining to the FDIC to those surrounding the disputed credit card debt (as opposed to the subsequent alleged harassment by debt collectors, which he asserts against Chase Bank). E.g. Doc. #17 at 6.  The Court also notes that the Defendants (and the Magistrate Judge) have proceeded on the assumption that the alleged wrongful actions pertaining to the disputed credit card debt (as opposed to the subsequent alleged harassment by debt collectors) occurred prior to July 1, 2008, given the Plaintiff's request for interest from and after "July 1, 2008", in his Amended Complaint. Doc. #3.  Thus, the Court construes these claims as against Washington Mutual (and only against the FDIC and Chase Bank, as successors in Receivership to Washington Mutual, since the Receivership action was not final until September 2008).  The Plaintiff has not objected to this assumption (see Docs. #17, #23) and the Court finds it to be a fair one, given the language of the Amended Complaint and the arguments contained in the subsequent memoranda

8

filed by all parties.  Therefore, the Court will also proceed on the stated assumption.

Turning now to a consideration of the applicable provisions of the FIRREA, Congress has stipulated that the FDIC, as Receiver of a failed financial institution, succeeds to "all rights, titles, powers, and privileges of the insured depository institution." 12 U.S.C. § 1821(d)(2)(A)(i).  Further, the FDIC may

(i)     take over the assets of and operate the insured depository institution with all the powers of the members or shareholders, the directors, and the officers of the institution and conduct all business of the institution;

(ii)     collect all obligations and money due the institution;

(iii)     perform all functions of the institution in the name of the institution which are consistent with the appointment as conservator or receiver; and

(iv)     preserve and conserve the assets and property of such institution.

12 U.S.C. § 1821(d)(2)(B).  To the extent there are claims against the failing institution, the FIRREA provides that a claimant may file suit, but limits jurisdiction over such suits to "the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia." 12 U.S.C. § 1821(d)(6)(A).  There is no debate that Washington Mutual Bank's principal place of business was located within the Western District of Washington. Doc. #6 (Lipcius Dec.) ¶ 1; Doc. #6-1 (Ltr. from FDIC to White, dtd. Apr. 24, 2009) at 3.

Thus, a person bringing claims against Washington Mutual must have filed suit in the District Court for the Western District of Washington or the United States District Court for the District of Columbia.

In the present case, the Plaintiff did not bring suit in one of the two statutorily mandated Courts. In his Objections to the Magistrate Judge's Report and Recommendations, the Plaintiff points to many provisions in the United States Code and in the Federal Rules of Civil Procedure concerning jurisdiction and venue.[3] Doc. #23. However, this Court is constrained to a consideration of only the particular statute that governs the claims at hand. In this case, Congress has specifically limited the jurisdictional reach of the courts in cases involving claims against failed financial institutions that have been placed in Receivership and has not named this Court within those specifications. Therefore, because this Court lacks subject matter jurisdiction over the claims asserted against the FDIC, the Court SUSTAINS the FDIC's Motion to Dismiss (Doc. #8) and adopts the Magistrate Judge's Report and Recommendations, as to the same (Doc. #21 at 6-9). However, the Court dismisses the same without prejudice to the Plaintiff's

_____

[3]The Plaintiff also tries to argue that the Defendants somehow waived their right to object to this Court's lack of subject matter jurisdiction, as a result of the removal of this case from the state court to this Court. However, "[s]ubject-matter jurisdiction cannot be forfeited or waived." Ashcroft v. Iqbal, __U.S. __, 129 S. Ct. 1937, 1945 (2009). Further, "a district court may, at any time . . . dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure . . . ." Wagenknecht v. United States, 533 F.3d 412, 417 (6th Cir. 2008) (citing Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)).

10

ability to refile in a forum permitted by 12 U.S.C. § 1821(d)(6)(A).

IV.    Analysis of Chase Bank's Motion to Dismiss (Doc. #5)

As previously noted, the Plaintiff has alleged two basic categories of claims, to wit:  (1) those surrounding the disputed credit card debt (basically, as to the actual propriety of the same and as to the alleged damage to his credit ratings that the wrongful debt caused), alleged against both the FDIC and Chase Bank; and (2) the alleged wrongful harassment by Chase Bank, in the attempted collection of said debt. Docs. #3, #17, #23.  With regard to the first set of claims, Chase Bank has moved to dismiss (and the Magistrate Judge has recommended the sustaining of such request), based upon the same legal arguments made by the FDIC with regard to this Court's lack of subject matter jurisdiction.  For the reasons set forth above, the Court SUSTAINS Chase Bank's Motion to Dismiss (Doc. #5), as to the claims surrounding the actual disputed credit card debt, and adopts the Magistrate Judge's Report and Recommendations, as to the same (Doc. #21 at 9-10). However, the Court dismisses the same without prejudice to the Plaintiff's ability to refile in a forum permitted by 12 U.S.C. § 1821(d)(6)(A).

Turning now to a consideration of Chase Bank's Motion as it pertains to the alleged harassment, this claim differs from the other claims, in that the Plaintiff challenges the conduct of Chase Bank directly (rather than challenging the conduct of Chase Bank as a successor to Washington Mutual).  The Plaintiff does not

11

specify under which statutory provision it brings this claim, but the Magistrate Judge assumes he is proceeding under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Plaintiff does not object to this assumption. Docs. #3, #21 at 10-11, #23 at 3. Thus, the Court will proceed with an analysis of the Defendant's Motion, within the confines of that Act.

In her Report and Recommendations, the Magistrate Judge concluded that, because Chase Bank is not a "debt collector" under the terms of the FDCPA, its actions do not fall within the purview of that Act and, thus, it cannot be held liable under the same. Doc. #21 at 11. In his Objections, the Plaintiff first concedes that he "did specify that Chase Bank was the one trying to collect the debt", but the remainder of his argument is not on point to the question of whether Chase Bank is considered a "debt collector" under the terms of the FDCPA.[4]

---

[4]The Plaintiff seems to be arguing that the debt in question cannot be considered both a "debt" and one of Chase's "assets". The seemingly pertinent part of his Objections reads as follows:

> Wherefore, how can Chase Bank collect a account for WaMu/FDIC as an asset that is supposed to be a debt (account or not)??? Unless they are in the capacity of a "Debt Collector". Because, the facts are that an Asset and Debt is [sic] not and cannot be the same thing. It has to be one or the other and no amount of extortion, for which the banks and credit card companies try to do to there [sic] customers, by trying to harass them (with phone calls and threats), ruin their credit rating (by reporting to these credit agencies), is going to make them pay a debt (if they don't want to, if they can't, or don't owe the debt and refuse to pay it)[.] Wherefore, if Chase did not assume any liability as to the debt of WaMu,[] or grievances, etc ... , of its customers, [t]hen how can it call a Debt an Asset and then trying to collect it, which is like calling an apple an orange(it can't be both). Then having the FDIC, Courts, Magistrates, etc ... , falling for this lie.

12

Turning to the applicable terms of the FDCPA, the Court notes that the purpose of that Act is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The Act defines "debt collector" as follows:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business <u>the principal purpose of which is the collection of any debts</u>, or <u>who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another</u>. . . .

15 U.S.C. § 1692a(6) (emphasis added)[5]  The Magistrate Judge concluded that Chase Bank was not a "debt collector", under the terms of this statute, and the Court agrees.  The Plaintiff has pled no factual allegations to indicate that Chase Bank's principal purpose was the collection of debts or that Chase Bank regularly

_____

> Which if you can call that justice, you must not know the meaning of it, or the definition of justice, for that matter.

Doc. #23 (Pl.'s Obj.) at 3-4.

[5]The Court recognizes that this statutory section also goes on to state that a creditor will be considered a "debt collector", if, in the process of collecting its own debts, "[it] uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts," 15 U.S.C. § 1692a(6), and the Plaintiff has implied that Chase Bank presented itself as Washington Mutual when attempting to collect on the subject debt. <u>See</u> Doc. #23 at 7. However, even if Chase Bank was presenting itself as Washington Mutual, as implied by the Plaintiff, Chase Bank was a successor creditor to Washington Mutual and, thus, would not be presenting itself as a "third person", under the terms of the statute.

collects or attempts to collect debts owed or due or asserted to be owed or due another.

In conclusion, the factual allegations in the Amended Complaint are not sufficient to render the Plaintiff's claim for undue harassment, in violation of the FDCPA, plausible. Therefore, the Court SUSTAINS Chase Bank's Motion to Dismiss (Doc. #5), as to the claim for undue harassment, in violation of the FDCPA, and adopts the Magistrate Judge's Report and Recommendations, as to the same (Doc. #21 at 10-11).

V.   Conclusion

The Magistrate Judge's Report and Recommendations (Doc. #21) are ADOPTED. The Plaintiff's objections thereto (Doc. #23) are OVERRULED. Defendant Chase Bank's Motion to Dismiss (Doc. #5) is SUSTAINED. Defendant FDIC's Motion to Dismiss (Doc. #8) is SUSTAINED. With regard to those claims surrounding the disputed credit card debt (as to the actual propriety of the same and as to the alleged damage to his credit ratings that the wrongful debt caused), alleged against both the FDIC and Chase Bank, the Court dismisses the same without prejudice to the Plaintiff's ability to refile in a forum permitted by 12 U.S.C. § 1821(d)(6)(A). With regard to the claim that Chase Bank allegedly wrongful harassed the Plaintiff in violation of the FDCPA, the Court dismisses the same with prejudice. Judgment is to be entered on behalf of the Defendants and

14

against the Plaintiff.

The above captioned cause is hereby ordered terminated upon the docket

records of the United States District Court for the Southern District of Ohio,

Western Division, at Dayton.


September 28, 2010


WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT


Copies to:
Counsel of record

15